IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. FARRIS PAGE, an individual, | No. C 06-3268 SBA |
| Plaintiff. | |
| v. | **ORDER** |
| | [Docket No. 8] |
| CHILDREN'S COUNCIL, an entity the form of which is unknown to the Plaintiff; DANIEL SAFRAN, an individual; and DOES 1-25, inclusive, | |
| Defendants. | |

This matter comes before this Court on Plaintiff's Motion to Remand or, alternatively, to Sever and Remand State Claims [Docket No. 8].

**BACKGROUND**

Plaintiff S. Farris Page is employed by Defendant Children's Council of San Francisco, Inc. She alleges that Children's Council and Defendant Daniel Safran subjected her to harassment and disparate treatment. On January 6, 2006, Plaintiff filed a complaint in state court alleging violations of Title VII, ADEA, ADA, and the California Fair Employment and Housing Act (FEHA). On May 17, 2006, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b), on the basis of federal question jurisdiction.

Plaintiff seeks an order pursuant to 28 U.S.C. § 1447(c) remanding this case to the California Superior Court for San Francisco County. She argues that because Defendant Children's Council's corporate privileges were suspended at the time that the Notice of Removal was filed, it was not entitled to file or join in the Notice of Removal. In the alternative, Plaintiff asks this Court to sever her FEHA claim and remand it to state court. Finally, Plaintiff seeks attorney's fees in connection with the filing

1  of the instant motion.

2  Defendant opposes remand, and requests that the Court strike the Declaration of Craig Martin
3  as noncompliant with Local Rule 7-5(b). Defendant also requests that the Court award sanctions against
4  Plaintiff's counsel for acting in bad faith.

5  Plaintiff attempted to serve Defendant with the First Amended Complaint in February 2006, and
6  after checking on-line for the name of the agent for service of process, discovered that the corporation
7  had been suspended. Martin Reply Decl. at ¶ 6; Reply Memo at 2. On May 30, 2006, and June 5, 2006,
8  Plaintiff's counsel verified that Children's Council was a suspended corporation. Martin Decl. at ¶¶ 14,
9  15. Documentation from the California Secretary of State revealed that the corporate status of
10 Children's Council had been suspended since July 21, 2004. *Id*. at ¶ 15.

11 The Finance Director of Children's Council admits that he inadvertently failed to file a
12 "Statement of Information" for the corporation as required by California law. Uselman Decl. at ¶ 4. On
13 June 14, 2006, upon discovering that the corporate status of Children's Council had been suspended, he
14 filed the required Statement and paid the $20 fee to revive the corporation. *Id*. at ¶¶ 6, 7. The corporate
15 status of Children's Council was revived on June 16, 2006 and is currently in good standing. *Id*. at ¶ 8;
16 Ex. D, E.

17 **ANALYSIS**
18 **a. Remand**

19 Defendants may remove to federal district court those cases over which the federal court would
20 have had original subject matter jurisdiction. 28 U.S.C. § 1441(a). A removed case may be remanded
21 to state court based on a "defect" in the removal procedure or if, at any time before final judgment, the
22 federal court determines that it lacks subject matter jurisdiction. 28 U.S.C § 1447(c).

23 In a motion to remand, the burden of proving the propriety of removal rests with the removing
24 party. *Abrego v. Dow Chemical* Co., 443 F.3d 676, 685 (9th Cir. 2006); *United Computer Systems v.*
25 *AT&T Corp*., 298 F.3d 756, 763 (9th Cir. 2002). The removal statutes are strictly construed against
26 removal, and if there is any doubt as to the propriety of removal, the lawsuit must be remanded to state
27 court. *Abrego*, 443 F.3d at 685, 690 (citations omitted).

28 A corporation's capacity to engage in litigation is governed by the law of the state of

incorporation. Fed. R. Civ. P. 17(b); *Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.*, 302 U.S. 120, 124-25 (1937).

California Corporations Code section 1502 provides that every corporation must file a statement containing information including the names and addresses of its directors, the names and addresses of its officers, and a statement of the principal business activity of the corporation. If a corporation fails to file such a statement for 24 months, it is subject to suspension of corporate powers, rights and privileges. Cal. Corp. Code § 2205(a). If a corporation that has been suspended pursuant to § 2205 files the requisite statement, the Secretary of State must certify that fact to the Franchise Tax Board, and the corporation is relieved from suspension (unless it is also suspended for failure to file a tax return or for nonpayment of taxes or penalties). Cal. Corp. Code § 2205(d).

Defendant Children's Council was suspended pursuant to § 2205 from July 21, 2004 to June 16, 2006. Thus, Plaintiff argues that Children's Council was not entitled to file the Notice of Removal on May 17, 2006. Plaintiff also contends that Children's Council was disabled from joining in or consenting to the removal.

In *Palm Valley Homeowners Association, Inc. v. Design MTC*, 85 Cal. App. 4th 553, 559-61 (Cal. Ct. App. 2000), the California Court of Appeal held that a corporation suspended under § 2205 is "disabled from participating in any litigation activities." The court reasoned that the language of § 2205 paralleled that of California Revenue and Taxation Code section 23301[1], which had already been held to prevent a corporation suspended for nonpayment of taxes from engaging in litigation. *Id.* at 560. "Just as the state may wish to persuade its corporate citizens to pay their taxes, it also may wish to persuade them to comply with basic filing requirements, requirements that are fundamental to holding a corporation accountable for its actions." *Id.* at 561.

Thus, Plaintiff is correct that the corporation's suspension rendered it unable to participate in this litigation. The question is whether the corporation's revival retroactively validated the actions taken during the suspension.

---

[1] That statute provides that, "[e]xcept for the purpose of filing an application for exempt status or amending the articles of incorporation as necessary either to perfect that application or to set forth a new name, the corporate powers, rights and privileges of a domestic taxpayer may be suspended" if the corporation fails to pay any tax, penalty or interest. Cal. Rev. & Tax. Code § 23301.

3

The answer to that question depends on whether filing the Notice of Removal is treated as a "procedural act" or a "substantive act." Under California law, "[p]rocedural acts in the prosecution or defense of a lawsuit are validated retroactively by corporate revival. Most litigation activity has been characterized as procedural for purposes of corporate revival." *Benton v. County of Napa*, 226 Cal. App. 3d 1485, 1490 (Cal. Ct. App. 1991). For example, acts such as undertaking discovery and appearing on and filing motions are validated by revivor, and a judgment or attachment obtained during suspension is validated by revivor. *Id.* (collecting cases). An appeal filed by a suspended corporation is also retroactively validated by revivor. *Peacock Hill Assn. v. Peacock Lagoon Construction Co.*, 8 Cal. 3d 369, 373-74 (Cal. 1972).

In contrast, where the statute of limitations for pursuing an action expires while the corporation is suspended, subsequent revivor of the corporation does not retroactively validate the filing of the lawsuit, because statutes of limitation are "substantive." *See, e.g.*, *Sade Shoe Co. v. Oschin & Snyder*, 217 Cal. App. 3d 1509, 1512 (Cal. Ct. App. 1990); *Welco Construction v. Modulux*, Inc. 47 Cal. App. 3d 69, 73 (Cal. Ct. App. 1975). *See also Community Electric Serv., Inc. v. Nat'l Electrical Contractors Ass'n*, 869 F.2d 1235, 1240 (9th Cir. 1989), abrogated on other grounds by *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990) (noting that California Revenue and Taxation Code section 23305a, which allows revivor after suspension for nonpayment of taxes, provides that "reinstatement shall be without prejudice to any action, defense, or right which has accrued by reason of the original suspension," and discussing California cases treating the expiration of the statute of limitations as a defense which has accrued).

This case is slightly different from the above-cited cases, in that the corporations in those cases were suspended for nonpayment of taxes. Section 2205(d) does not contain similar language to Section 23305a about prejudice to actions or defenses which have accrued. However, in a case where the statute of limitations expired while the corporation was suspended for failure to file a statement, the California Court of Appeal said that, "for purposes of discussion," it would assume that the same rules apply regarding statutes of limitations. *Leasequip, Inc. v. Dapeer*, 103 Cal. App. 4th 394, 402-03 (Cal. Ct. App. 2002). This court so assumes as well, but in any event, the question still remains whether filing a Notice of Removal is properly characterized as procedural or substantive.

4

Plaintiff argues that the 30-day time limit for filing a Notice of Removal, 28 U.S.C. § 1446(b), should be treated like a statute of limitations: "where a right arose during the period of the suspension, that right is not revived." Reply at 6. In short, Plaintiff contends that because the time period within which a Notice of Removal could be filed passed while the corporation was suspended, the corporation's subsequent revival should not validate the Notice.[2]

Defendant urges this Court to treat removal as a procedural action which is retroactively validated upon revivor of the corporation. Opposition at 3-4. Defendant cites *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir.1992), in which the court held that untimely removal of a case is a procedural, not jurisdictional, defect. Thus, the court held, where an action is untimely removed, the district court must remand it within 30 days (whereas if there is a jurisdictional defect, the case may be remanded at any time before final judgment). 28 U.S.C. § 1447(c).

Although *Maniar* is not directly on point – because the issue here is not whether the 30-day deadline for remanding has passed[3] – it does indicate that the Ninth Circuit views removal as a procedural act. *See also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."). Further, the previously-discussed California cases make it clear that most actions undertaken in litigation are considered procedural. *See Traub Co. v. Coffee Break Service, Inc.*, 66 Cal. 2d 368, 371 (Cal. 1967) (noting that "a plea of lack of capacity of a corporation to maintain an action by reason of a suspension of corporate powers . . . is a plea in abatement which is not favored in law" and must be strictly construed) (citations omitted).

In addition, statutes of limitation have a unique purpose: the California Supreme Court has said that they are "vital to the welfare of society and are favored by the law . . . to be viewed as statutes of repose, and as such constitute meritorious defenses." *Welco*, 47 Cal. App. 3d at 73-74 (quoting *Scheas*

---

[2] Defendant Children's Council was apparently served with the First Amended Complaint on April 20, 2006. Martin Decl. at ¶ 11. As such, the 30-day deadline for filing a Notice of Removal passed on May 20, 2006, before the corporation was revived.

[3] It is worth noting, though, that more than 30 days passed between the filing of the Notice of Removal and the filing of the instant Motion to Remand. The Notice of Removal was filed on May 17, 2006, and the first Motion to Remand was filed on June 19, 2006. Thus, in the alternative, the Court denies the Motion to Remand on the ground that it was untimely under 28 U.S.C. § 1447(c).

5

*v. Robertson*, 38 Cal. 2d 119, 125-26 (Cal. 1951)). This sets statutes of limitation apart from ordinary deadlines which are, for the most part, intended to ensure that litigation proceeds expeditiously. The time limit for filing a Notice of Removal is dissimilar from "substantive" statutes of limitation which prevent a party from bringing a lawsuit in the first instance. *But see Fristoe*, 615 F.3d at 1212 (noting that "a timely objection to a late petition will defeat removal," although a party may waive the objection or be estopped from asserting it by sitting on his rights). The California courts have retroactively validated a range of litigation activities which typically have deadlines, such as defending an action, undertaking discovery, and filing an appeal. *See United Medical Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1738 n.3 (Cal. Ct. App. 1996).

The Court holds that Children's Council's revivor retroactively validated their otherwise-proper Notice of Removal. Accordingly, Plaintiff's motion to remand is denied.

**b. Alternative Motion to Sever**

When a separate and independent federal claim is joined with one or more otherwise nonremovable claims, the district court may, "in its discretion, remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

Plaintiff provides no argument in support of her request to sever the state claim, and Defendant does not even address it. "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 13 (1951). Here, Plaintiff alleges a single wrong, to wit, discrimination in employment by Defendant. Thus, her alternative request to sever and remand the state claims is denied.

**c. Attorney's Fees**

Pursuant to 28 U.S.C. § 1447(c), "payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal" may be awarded. Whether to award attorney's fees is within the discretion of the Court; bad faith by the defendant need not be demonstrated. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). However, this Court must review the merits of the removal petition in order to assess the reasonableness of the attempted removal. *Draper v. Erb*, 1994 WL 478821 at *1 (N.D. Cal. Aug. 25, 1994).

Removal was proper. It was not unreasonable for Defendant to conclude that the corporation's suspension would be retroactively cured by filing the requisite statement. The case clearly involves a federal question, conferring original jurisdiction on the federal court. Therefore, this Court denies Plaintiff's request for attorney's fees.

**d. Motion to Strike**

United States District Court for the Northern District of California Civil Local Rule 7-5(b) states that:

> An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

Defendant asks the Court to strike the Declaration of Craig Martin, Plaintiff's attorney, because it contains arguments in violation of the local rule.

Much of the Declaration simply repeats portions of the Plaintiff's memo in support of her Motion to Remand. *See* Martin Decl. at ¶¶ 2-10. These paragraphs do not contain the sorts of facts that are appropriate in a declaration. Further, they are unnecessary and duplicative. Paragraphs 11 through 16 contain information properly characterized as facts relating to whether or not Children's Council was aware that it was suspended when it filed the Notice of Removal. Paragraph 18 contains facts related to the amount of attorney's fees sought by Plaintiff. However, Paragraph 17 clearly contains argument. It states that Children's Council was not entitled to participate in the litigation as of May 17, 2006, so the Court lacks subject matter jurisdiction and should remand to state court.

Thus, Defendant's motion to strike is granted, but only as to Paragraphs 2-10 and 17 of the Martin Declaration. Paragraphs 2-4, 7, and 11 of Martin's Reply Declaration are also struck because they contain improper argument.

**e. Sanctions**

Plaintiff's attorney claims that he notified Defendant's attorney in February 2006 and again in April 2006 that Children's Council's corporate status had been suspended, and that Defendant's attorney "did not pay any attention to this statement." Martin Decl. at ¶ 12; Martin Reply Decl. at ¶¶ 5, 6. Defendant's attorney claims that he was unaware that the corporate status of Children's Council was

7

1 suspended when he filed the Notice of Removal. Werth Decl. at 3. He denies that Plaintiff's attorney ever informed him, either verbally or in writing, that the corporate status of Children's Council was suspended, before filing the instant Motion to Remand. *Id*. at ¶ 2, 4, 5.

Defendant requests that the Court impose sanctions on Plaintiff based on alleged bad faith conduct. Defendant asserts that Plaintiff's attorney's statements are deliberate misrepresentations. Opposition at 13-14.

The Court has the inherent power to award sanctions "for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Further, the Court may impose sanctions under Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927 where a party is aware that there is no legal or factual basis for its pleading, where the pleading is presented for an improper purpose, or where the attorney unreasonably and vexatiously multiplies proceedings.

Although it is unclear whether Plaintiff's attorney did in fact inform Defendant's attorney that the corporation was suspended, there is no evidence that Plaintiff has made deliberate misrepresentations. The instant Motion to Remand is not frivolous, and it is too early in the proceedings to determine whether Plaintiff is vexatious or has an improper purpose (the complaint was filed on January 6, 2006, and no other motions have yet been filed). Accordingly, the Court denies Defendant's request for sanctions.

### CONCLUSION

Based on the foregoing analysis, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand or Sever is DENIED. IT IS FURTHER ORDERED THAT Plaintiff's request for attorney's fees is DENIED. IT IS FURTHER ORDERED THAT Defendant's Motion to Strike is GRANTED IN PART. IT IS FURTHER ORDERED THAT Defendant's request for sanctions is DENIED.

IT IS FURTHER ORDERED THAT a telephonic Case Management Conference is set for **November 9, 2006, at 3:30 p.m.**[4] The parties shall meet and confer prior to the conference and shall

---

[4] In her Motion to Remand, Plaintiff expressed some willingness to dismiss her federal claims. If Plaintiff does so, the Court is inclined to remand her remaining claim to state court, and the Case Management Conference will be vacated.

8

prepare a joint Case Management Conference Statement, which shall be filed no later than **November 2, 2006**. Counsel for Plaintiff shall be responsible for filing the Case Management Conference Statement, as well as for arranging the Case Management Conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 9/11/06

SAUNDRA BROWN ARMSTRONG
United States District Judge